**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve F. Dennis, | No. CV-22-01437-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Steve F. Dennis seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act.  Because the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence, the Commissioner's decision is vacated and the matter remanded for further administrative proceedings.

I.     BACKGROUND

Plaintiff was born in June 1958.  (Doc. 13-3 at 50).  He has a high school education and college degree in business administration and management.  (Doc. 13-3 at 72). Plaintiff's previous employment included bicycle mechanic, retail store management, real estate agent, and house remodel.  Plaintiff has the following severe impairments: spine disorder, chronic back pain, limited movement, and mycotic infection/Valley Fever.  Other

1   medical conditions are present but not considered severe impairments.  (Doc. 13-3 at 23,
2   50–52, 74-75, 84-86, 87; Doc. 13-5 at 7).

3        On March 16, 2018, Plaintiff filed a Title II application for a period of disability and
4   disability insurance benefits, alleging disability beginning February 14, 2017.  The claim
5   was denied initially on April 24, 2018, and upon reconsideration on November 5, 2018.
6   The circumstances presented by the coronavirus 2019 ("COVID-19") pandemic
7   necessitated a telephonic hearing which was held September 28, 2020.  All participants
8   attended the telephonic hearing.  On June 16, 2021, a supplemental telephonic hearing was
9   held and all participants attended the telephonic hearing and testified before the ALJ.
10  Plaintiff was represented by counsel.  A vocational expert was present and testified.  (Doc.
11  13-3 at 20).  On June 30, 2021, the ALJ issued a decision that Plaintiff was not disabled
12  within the meaning of the Social Security Act.  (Doc. 13-3 at 35).  The Appeals Council
13  denied Plaintiff's request for review of the hearing decision (Doc. 13-3 at 2), making the
14  ALJ's decision the Commissioner's final decision.  On August 24, 2022, Plaintiff sought
15  review by this Court.  (Doc. 1).

16  **II.    STANDARD OF REVIEW**

17       The district court reviews only those issues raised by the party challenging the ALJ's
18  decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  Claims that are not
19  actually argued in an appellant's opening brief are not considered on appeal.  *Indep. Towers*
20  *of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).  Only issues that are
21  argued specifically and distinctly in a party's opening brief are reviewed.  *Id.*  Moreover,
22  "when claimants are represented by counsel, they must raise all issues and evidence at their
23  administrative hearings in order to preserve them on appeal."  *Meanel v. Apfel*, 172 F.3d
24  1111, 1115 (9th Cir. 1999).  Failure to do so will only be excused when necessary to avoid
25  a manifest injustice.  *Id.*

26       A court may set aside the Commissioner's disability determination only if the
27  determination is not supported by substantial evidence or is based on legal error.  *Orn v.*
28  *Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is more than a scintilla,

1    less than a preponderance, and relevant evidence that a reasonable person might accept as

2    adequate to support a conclusion considering the record as a whole. *Id.* In determining

3    whether substantial evidence supports a decision, the court must consider the record as a

4    whole and may not affirm simply by isolating a "specific quantum of supporting evidence."

5    *Id.* Generally, when the evidence is susceptible to more than one rational interpretation,

6    courts must uphold the ALJ's findings if they are supported by inferences reasonably drawn

7    from the record. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "Overall, the

8    standard of review is highly deferential." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d

9    996, 1002 (9th Cir. 2015).

10    **III.  FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

11    To determine whether a claimant is disabled for purposes of the Social Security Act,

12    the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the

13    burden of proof on the first four steps, but the burden shifts to the Commissioner at step

14    five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).[1]

15    At step one, the ALJ found that Plaintiff meets the insured status requirements of

16    the Social Security Act through December 31, 2023, and that he has not engaged in

17    substantial gainful activity since February 14, 2017. At step two, the ALJ found that

18

---

19    [1] At the first step, the ALJ determines whether the claimant is engaging in

20    substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant

21    has a severe medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers

22    whether the claimant's impairment or combination of impairments meets or medically

23    equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not,

24    the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual

25    functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry

26    ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether

27    the claimant can perform any other work based on the claimant's residual functional

28    capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

1    Plaintiff has the following severe impairments: spine disorder and mycotic infection/Valley

2    Fever.  (Doc. 13-3 at 22).  At step three, the ALJ determined that Plaintiff does not have

3    an impairment or combination of impairments that meets or medically equals the severity

4    of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Doc. 13-3

5    at 25).  At step four, the ALJ found that Plaintiff has the residual functional capacity to

6    perform light work as defined in 20 C.F.R. § 404.1567(b) except he cannot climb ladders,

7    ropes, or scaffolds.  He can frequently balance, stoop, kneel, or crouch.  He cannot reach

8    overhead or crawl.  He should avoid concentrated exposure to extreme cold, wetness,

9    vibration, unprotected heights, and hazardous moving machinery.  (Doc. 13-3 at 26).

10          The ALJ further found that Plaintiff is unable to perform any of his past relevant

11   work.  At step five, the ALJ concluded that, considering Plaintiff's age, education, work

12   experience, and residual functional capacity, there are jobs that exist in significant numbers

13   in the national economy that Plaintiff could perform.  (Doc. 13-3 at 34).

14   **IV.    ANALYSIS**

15          **A.    Substantial Evidence Does Not Support A Finding that Plaintiff's Skills
              Acquired from Past Relevant Work Are Transferable to a Significant
16            Range of Other Occupations with Jobs Existing in Significant Numbers
              in the National Economy.**
17

18          At step five, the ALJ concluded that:

19          Considering the claimant's age, education, work experience, and residual
            functional capacity, the claimant has acquired work skills from past relevant
20          work that are transferable to other occupations with jobs existing in
21          significant numbers in the national economy (20 CFR 404.1569,
            404.1569(a), 404.1568(d)).
22

23          (Doc. 13-3 at 34).

24          **1.    Legal Standard**

25          At step five, after having determined that Plaintiff's disabilities prevent him from

26   doing his past relevant work, the ALJ was required to decide whether Plaintiff's

27   impairments prevent him from performing other work that exists in the national economy,

28   considering his residual functional capacity together with the "vocational factors" of age,

1    education, and work experience.  Social Security Policy Ruling ("SSR") 00-4p (12/4/00).

2    Work is considered as existing in the national economy when both (1) its requirements can

3    be met by the claimant with his or her physical or mental abilities and vocational

4    qualifications, and (2) it exists in significant numbers either in the region where the

5    claimant lives or in several other regions of the country.  20 C.F.R. § 404.1566(a), (b).  For

6    aged individuals, the Medical Vocational Guidelines state that a finding of disability is

7    warranted where they "have only skills that are not readily transferable to a *significant*

8    *range* of semi-skilled or skilled work that is within the individual's functional

9    capacity . . . ."  20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.00(c) (emphasis added).

10   The Commissioner will take administrative notice of reliable job information from

11   various governmental and other publications but relies primarily on the Dictionary of

12   Occupational Titles ("DOT"), published by the Department of Labor and its companion

13   publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary

14   of Occupational Titles.  20 C.F.R. § 404.1566(d); SSR 00-4p.  The Commissioner also may

15   use the services of a vocational expert or other specialist to determine whether a claimant's

16   work skills can be used in other work and the specific occupations in which they can be

17   used.  20 C.F.R. § 404.1566(e).  "An ALJ may take administrative notice of any reliable

18   job information, including information provided by a [vocational expert]."  *Bayliss v.*

19   *Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

20   A vocational expert may have occupational information not listed in the DOT.

21   SSR 00-4p.  "The DOT lists maximum requirements of occupations as generally

22   performed, not the range of requirements of a particular job as it is performed in specific

23   settings."  *Id.*

24   **2.    Analysis**

25   The ALJ found that Mr. Dennis had skills "transferable to other occupations with

26   jobs existing in significant numbers in the national economy."  (Doc. 13-3 at 34–35).  In

27   reaching this conclusion, the ALJ relied on one vocational expert, who testified "that

28   representative occupations [Mr. Dennis] could perform include a Real estate clerk . . . with

1    44,800 jobs in the United States." (*Id.* at 35).  Plaintiff and Defendant agree that a finding

2    of one available occupation based on transferable skills falls short of a significant range of

3    occupations. (Doc. 14 at 10–14; Doc. 15 at 3–5).  The ALJ's finding that Mr. Dennis could

4    work as a Real estate clerk is not, on its own, sufficient to uphold a finding that Mr. Dennis

5    is not disabled.

6          **B.**     **Remand**

7          If the ALJ's decision is not supported by substantial evidence or suffers from legal

8    error, the Court has discretion to reverse and remand either for an award of benefits or for

9    further administrative proceedings.  *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996);

10   *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).  "Remand for further proceedings

11   is appropriate if enhancement of the record would be useful."  *Benecke v. Barnhart*, 379

12   F.3d 587, 593 (9th Cir. 2004).  "Conversely, where the record has been developed fully

13   and further administrative proceedings would serve no useful purpose, the district court

14   should remand for an immediate award of benefits."  *Id.* (citing *Smolen*, 80 F.3d at 1292).

15         Generally, after a finding that the administrative record does not support the

16   agency's action, the proper course of action is to remand to the ALJ to further develop the

17   record.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–100 (9th Cir. 2014).

18   In rare circumstances, courts may remand for an award of benefits.  *Id.* at 1099.  To remand

19   for immediate award of benefits, the Court must find:

20        (1) the record has been fully developed and further administrative
21        proceedings would serve no useful purpose; (2) the ALJ has failed to provide
          legally sufficient reasons for rejecting evidence, whether claimant testimony
22        or medical opinion; and (3) if the improperly discredited evidence were
          credited as true, the ALJ would be required to find the claimant disabled on
23        remand.

24        *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

25         The record here is not fully developed.  As it stands, the record contains testimony

26   from two different vocational experts.  (Doc. 13-3 at 55–60, 86–92).  Their testimony

27   differs; namely, the original vocational expert lists three potential occupations. (Doc. 13-3

28   at 87–88).  Even the ALJ implied that even though Real estate clerk was explicitly

1   identified, there were likely other transferable occupations.  (Doc. 13-3 at 35) ("The

2   vocational expert responded and testified that representative occupations such an

3   individual could perform *include* a Real estate clerk.") (emphasis added).   Further

4   development of vocational expert testimony would serve a useful purpose, allowing the

5   ALJ to determine whether Mr. Dennis's transferable skills provide access to a significant

6   range of occupations.

7           Because the first element for a remand for award of benefits is not met, this matter

8   is remanded to the ALJ to further develop the record.

9   **V.      CONCLUSION**

10          Accordingly,

11          **IT IS THEREFORE ORDERED** that the final decision of the Commissioner of

12  Social Security is **VACATED** and this case is **REMANDED** for further proceedings

13  consistent with this opinion.   The Clerk shall enter judgment accordingly and shall

14  terminate this case.

15          Dated this 19th day of January, 2024.

16
17                              _____
                                        G. Murray Snow
18                              Chief United States District Judge

19
20
21
22
23
24
25
26
27
28